My name is Leslie Bowman. I represent Allen Donahue, and I would like to reserve three minutes for my rebuttal. Your Honors, the issue in this case is whether or not Allen Donahue validly waived his Miranda rights. Counsel, excuse me for a moment, Judge Gould. I noticed the clock isn't running, so the clerk should get that going. We don't miss anything, do you? I miss a lot, but I noticed that. In any case, the Miranda case tells us that custodial interrogation is by its nature inherently coercive, and that's why defendants have to be advised of their Miranda rights. Also, there is presumption against waiving these types of fundamental rights, and of course the burden is on the government to prove that there was a waiver in this case. The reason why there was not a valid... Do you know whether somebody who's stone drunk would feel necessarily compelled by custodial interrogation to speak? Well, Your Honor, I think that the problem is that somebody who was as intoxicated as Allen Donahue was isn't thinking clearly, and these rights are so important that the cases tell us that you have to be aware of your rights. You have to understand the importance of the right. I know, but that's based on the premise that custodial interrogation is inherently coercive. It puts pressure on someone to speak. Do we have any empirical evidence to suggest that when someone is as stone drunk as your client claims he was, that that has that effect on him, that he's even aware of his compulsion to speak? Well, Your Honor, I think the fact that... I can't cite the court to any empirical evidence about that if that's what Your Honor is looking for. Well, your coerciveness is a little bit wound up in your knowing involuntary, right? I mean, this isn't the class of coercive in that it all sort of has to do with, I mean, can a drunk person give up their rights too? I mean... Exactly. But now you can't... You're not clearly arguing that just because someone's had something to drink that they can't make that per se, that there's a rule that they can't make a knowing and intelligent waiver? No, not at all. And I think that the cases are clear that it depends on the level of intoxication, and there are ways to figure out whether the person knows what's going on. And the agents in this case didn't take any steps whatsoever to figure out whether Mr. Donahue understood his rights, whether he understood the consequences of abandoning an important right like the right to remain silent. And there were a lot of signs right from the initial stop that alerted the agents to the fact that he was really not very coherent. And the magistrate judge focused in on that. I think what bothered the magistrate judge was that the agents seemed so unconcerned about Mr. Donahue's condition and that they did no further inquiry once they were told that he was intoxicated, not only by himself but by his passenger, and that they did nothing to preserve any of the information that might have shown whether or not he understood his rights. Well, his responses seem to be... They seem to sort of appropriately match what was going on otherwise. But I guess the question is, we all know that, you know, alcohol probably lowers a person's inhibitions, and there's a lot of people that have said things that they probably wish they hadn't said, but does that still mean that you can't have a knowing and intelligent waiver? It might not mean that in every case, but it does in this case. This was intoxication to the extreme and to the point where, based on the testimony from both Mr. Donahue and his wife, he would often be this intoxicated and he really wouldn't remember what he was doing or what was going on. Okay. That sort of points to if it would seem to me that your best argument is that the district judge, without having a hearing, made a credibility finding. And it would seem to me that, you know, if you listen to what the officer says went on and you listen to what your client says went on, I think we would be in a position where we would probably have to defer to the person that heard the evidence that, you know, they believe one and not the other. And the magistrate believed arguably, I know the government is arguing differently, arguably believed the officers that he had enough wits about him, even though he had been drinking, he had enough wits about him and he slept for a while in the cell and all of that, that he could give up his rights. But then the magistrate, but then the district judge said, no, I don't think that, you know, I don't think he had that much to drink and so I'm going to find otherwise. But there was no hearing. But then you have trial, right? Right. And so then the argument is if the trial cures anything that happened, that that was the evidentiary hearing, right? Well, that's the government's argument and I do take issue with that. The only case that was cited in the briefs is distinguishable from our case in that, although the same witnesses testified, the case that the government is talking about I think it's Hernandez-Arcuna. That's correct, Your Honor. And Hernandez-Arcuna. That was along the same lines of Judge Callahan's inquiry. I was going to ask you if you could, during your argument, explain the significance, if any, of that case. Your Honor, that case specified that it was making, that the court made that decision on those very narrow circumstances. And the circumstances in that case were that all of the parties, including the judge, were aware and under the impression that the motion was being renewed at the time of trial and that it would be reconsidered by the court when the same witnesses testified. That absolutely did not occur in Mr. Donohue's trial. The motion to suppress was never discussed again. It had been decided. The trial occurred. The statement came in. And the issue was reserved for the appeal hearing. But weren't all the issues of how much he had had to drink before the jury? Didn't, wasn't that in cross-examination? Didn't counsel introduce that in the trial? The issues were before the jury, but I think that the court has to acknowledge that when you bring in what would be considered a confession before a jury, that's going to weigh very heavily on their decision. And that's what happened in this case. This jury deliberated for a good long time, considering how short the presentation of the evidence was. And I submit to the court that without Mr. Donohue's statements, that it would have been a very different outcome. What remedy do you propose? I propose at a minimum that the case be remanded for a de novo hearing in front of magistrate, excuse me, in front of the district court judge. Why a de novo hearing if he's already heard the evidence? Wouldn't it just be, I gather you distinguished the earlier case because, in effect, the judge's attention was focused on the fact that people were asking him to reconsider the magistrate's findings. And he was listening to the evidence and then making a judgment, knowing that that was one of the purposes for which he was listening to the evidence. And you claim here that was, this case is different. Wouldn't we just, I mean, it seems to me the most you would be entitled to would be some sort of a remand to ask the district judge whether based on the evidence that he heard at trial, he would make the same ruling. And, Your Honor, that is a possibility. The government actually had asked for an evidentiary hearing, a de novo evidentiary hearing with the district court. But at least some type of remand for the judge to reconsider. Well, they had the evidentiary hearing was the trial. But you wouldn't. It seems to me what you suggest is uncertain is whether the judge understood that he was actually conducting a de novo hearing. And so all you would really need is to in effect say to the district judge, after hearing the evidence and listening to the witnesses, would you adhere to your ruling, your pretrial ruling on the issue. And that would be a remedy. I think that it's more, that it's stronger for the judge to have in mind what the focus of the inquiry is when the witnesses are testifying than for him to try to go back and think about it or to review the transcripts than to hear the live testimony. But either way, a remand would be appropriate. All right. Well, your time is almost up, but I'll give you a minute for rebuttal. Thank you. Thank you. May it please the Court. I'm Bob Niskell from the U.S. Attorney's Office in Tucson on behalf of the United States in this case. The issue in this case basically boils down to can a person who is intoxicated waive their Miranda rights? And this Court has held that it can. And what the Court looks at in making that determination about whether an intoxicated person can waive their Miranda rights is essentially what other activities or actions of the defendant, what is the defendant doing that shows that he's able to function essentially? For example, in the Banks case, the Court found that even though the defendant was allegedly intoxicated, he could waive his rights because the agents didn't detect any indication that he was under any adverse influence. The defendant was able to understand the circumstances, follow the instructions of the agents, and answer questions. Well, that may be true here if you believe the testimony of the agents, but isn't there a conflict? Actually, as I read the testimony, and I would submit to this Court, there is no conflict in the testimonies. The agents testified about what they observed and saw that day and what they did. You're kind of coming in and out of the speaker there, so if you raise up, I think that might help. I'm sorry. The agents testified about what they observed and what they did that day. The defendant's testimony was essentially, I don't remember anything about what happened that day, and the girlfriend's testimony was the defendant had called her and told her that the defendant was drinking, but her testimony was when the defendant is drunk, there were no observable manifestations of his intoxication other than perhaps a slur of the speech. Well, didn't the magistrate judge have to make some credibility findings in order to come to the conclusion that it was knowing and voluntary? I think the magistrate judge, if you read his report and recommendation, what the magistrate judge concluded was that the defendant was intoxicated. The magistrate judge specifically in a couple of places in his report and recommendation testified that the agents testified credibly. He said on page 16 of his report that they answered questions responsibly and they were as credible. He says on page 18 of the report and recommendation, the government agents also testified credibly, but there was no factor independent of their testimony to corroborate their testimony. The magistrate judge did not find the agents incredible. And, again, he, because of the unique evidence in this case, there was no need to, because all the evidence that when this was not. My recollection is the portions that he found credible, he used those portions to support his conclusion. In other words, he said when he wasn't responsive, they walked away. They didn't pursue. You would think they might have pursued questioning more if he were really alert and responsive, and they didn't. So in that sense, he was accrediting their testimony to buttress' own finding that the defendant's version was the more credible one. But, again, under the facts of this case, the defendant's version is he didn't remember anything, and the girlfriend's testimony was when he's drunk, he can function. Counsel, this is Judge Gould. I've got two questions for you that are sort of related. The first is, would the government say that it would have been a superior procedure if the district court had held a de novo evidentiary hearing before reversing course from the magistrate judge? And the second is, what's the significance, if any, of the Hernandez-Hercuna case, which I think the government has relied on? But I'd like to hear your elaboration on whether that case solves the problem, if there was a problem. Judge, under this Court's case law, I would say it would have been preferable for the district court to hold an evidentiary hearing. But the fact that he didn't, under the Hernandez-Hercuna case, in the government's views, cured the problem, because the district court heard the same testimony at trial that he would have heard at the hearing. The Hernandez-Hercuna case recognizes that pretrial rulings are always open and subject to the district court changing the ruling as the case goes on. So in this case, the court heard the testimony at trial. The court didn't change its ruling. So I think that cures any issue. Well, let me ask a further question on that. I certainly understand the district court would have the power to change his earlier ruling, but is the evidence that came in at the trial, once the statements of Donahue were admissible, did the evidence come in at trial in the same scope and degree as it would have come in at an evidentiary hearing? If the trial focus is on different issues, how can we be confident that at trial the district judge would hear the same evidence the magistrate judge heard? Again, in the government's position, the trial testimony was as in-depth about the circumstances of the statement as the motion to suppress. As a matter of fact, that's why I included the trial testimony in the government's supplemental excerpt of record. Because the circumstances of this statement were important for the jury to hear, both sides went into it in great detail, just as you would at a suppression hearing. So basically the testimony was, in all material aspects, presented to the jury as it was at the motion to suppress. And in light of that, the Court, as this Court has recognized, the Court could change its ruling if it needed to on the motion to suppress. But no one asked it to. No one asked the district judge to reconsider, did they? No one asked. That is correct, Judge. So he would have been supposedly, we are supposed to assume that he would have sua sponte, changed his ruling if he thought that it was, his earlier ruling, if he thought he was mistaken? That is one, yes. And also, the defense clearly was within its rights to ask the judge to reconsider, but they didn't do so in this case. You know, the Hernandez Acuna case was decided before this trial occurred. So that body of law was out there and available to the attorneys, basically. And would you object to a very, very limited remand to the, I know in the Second Circuit, I don't know what the practice is here, the panel retains jurisdiction and just remands to the district court for a finding that would help to decide the case? Would you object to a remand in which the judge was simply asked whether after, based on the testimony he heard at trial, whether he would adhere to his pretrial ruling? I think that would make it, that would be an easy way to resolve this issue, although the government's position is a remand of any type is not necessary. No, but would you object to it? As opposed to getting reversed totally. No, I would not. Well, let me ask you this, though. If, because that's sort of an unusual procedure, I'm sort of, and let's say the district court came back and said, okay, well, I think I was wrong. Has jeopardy attached? Would that be a situation where he could be retried? Is there sort of an odd procedural aspect to this case? If it is, and I'm, I haven't, this is my understanding, Judge, I haven't done research on this, but my understanding is once jeopardy attaches, the government's right to appeal a suppression order vanishes, basically. During the trial. Right. So in this case. But they're appealing, and then if it came back, and I mean, this is kind of an odd, I'm anticipating that the defendant, if, say, the court said, okay, I should have suppressed it, and then you want to go to trial again, that the defendant would argue that jeopardy is attached and can't be retried here. Well, how would that be any different from any other mistake that the trial judge made? If he made a mistake in trial, we would reverse, there would be no double jeopardy. I'm, again, trying to sort through my double jeopardy law in my mind. But it's not really, but the question is, it's not exactly a trial mistake, it's a mistake that goes back before the trial. So I don't know. But there is, under the double jeopardy law, if a defendant is challenging his conviction and for some reason the conviction gets reversed other than sufficiency of the evidence, the government does have a right to retry it. Right. So I would think that that. My view, but it's very untutored, is that there is not a double jeopardy if we send it back. But we could let the parties submit supplemental briefs on that issue if the panel in conference isn't sure. Would the government want to submit supplemental brief on that issue? If the court decides, of course the government would, Your Honor. Okay. Your time is up. I guess I have one more question. Go ahead. It's because I'm a little skeptical about Hernandez-Arcuna, despite its excellent reasoning and the wisdom of the panel. Has that case been extended? Has it been followed in the Ninth Circuit by other panels, you know, in different contexts? And do you know whether the law of other circuits, whether they've got a rule like that? As to your second question, I did not find any law in other circuits. And in the Ninth Circuit, the only two cases that I found that addressed this issue were Ridgeway, which occurred first, and then Hernandez-Arcuna. To my knowledge, those are the only two cases that addressed that issue. Thank you. Well, Judge, can I ask you one more question? There's no doubt that a judge has discretion to defer ruling on a suppression motion until after trial. Actually, to withhold, to kind of... To say that I will defer ruling on the motion to suppress until after trial. If he rules after trial, the government's right to appeal is not against the government. The government's right to appeal is not implicated. In fact, I've done that on several occasions where I've thought there really wasn't that much for the suppression motion, and I didn't want to bother having duplicate testimony, so I said I'll reserve decision until after trial. And if I decide to suppress it, I'll do it after trial so the government can appeal. So I don't see a problem here. Right. I think that's correct. Sorry. All right. Thank you. You have one minute. Thank you. Just very briefly, I just wanted to reiterate something that Judge Gould brought up, which is that during trial the focus is on different issues, and this is in response to Your Honor's question about whether there really needs to be a de novo evidentiary hearing or whether the remand could just be... Well, what was the issue at trial? I assume you were arguing, A, that he didn't make the statement, and that if he did make it, it wasn't knowing involuntary. Wasn't that the argument at trial? That is correct. But it's the same argument. Well, but the government argued that the jury really didn't need to consider Miranda or anything like that, that it wasn't the focus of their decision. They didn't need to consider any of that. What did the judge charge the jury? In the jury instructions? Yeah. Didn't he say that the profession has to be knowing and voluntary? He did tell the jury that they had to decide that. We're not talking about the jury. We're talking about whether the record developed at the trial would essentially have been the same as the suppression hearing. And as a practical matter, it would have had to have been, wouldn't it? Well, I think that... Regardless of what the government argued to the jury, that's not the issue. We're talking about the evidence the judge would have heard. What new evidence would there have been? What did he not hear that was developed at the suppression hearing? There probably would not have been new or different evidence, but I think that the arguments and the focus would have been different. I just think that it would be a cleaner remand if the judge, especially at this point after the passage of so much time, got to hear the evidence with the focus on the motion to suppress. But either way, I would ask the court to remand for the district court judge to make a de novo finding. All right. Thank you for your argument. This matter will stand submitted.
judges: Korman, Gould, Callahan